■ LIGHTRON CORPORATION, Respondent, v J.S.M. HOLDINGS, INC., et al., Appellants and MYRON LEVY et al., Respondents. —In an action to recover moneys due on a note, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Wager, J.), dated April 3, 1990, as granted the plaintiff's cross motion to impose sanctions against the defendants' attorney.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court did not improvidently exercise its discretion in directing the defendants' attorney to pay sanctions totaling $4,000 for frivolous motion practice. The defendants' attorney made two separate motions. The court found that the motion papers presented to it and to the attorneys for the plaintiff and the counterclaim defendants were incomplete, requiring "at least" two court conferences to straighten them out. With respect to the merits of the defendants' motions, one motion, which was for partial summary judgment, was made despite the court's express admonition on a prior partial summary judgment motion made by the plaintiff, that the issue could not be decided by way of summary judgment. The second motion was for a variety of relief stemming from the defendants' attempt to disqualify the attorneys representing the counterclaim defendants. None of the requested relief was granted, and we agree with the court that there was no merit to the defendants' request. The basis for the disqualification was the defendants' claims of fraud on the part of the attorneys representing the counterclaim defendants. However, the allegations of fraud, which were vague and conclusory, were clearly insufficient as a matter of law. Moreover, the request was untimely, as it was based upon information admittedly known to the defendants for several years. The other relief requested was similarly without basis.

Accordingly, under the circumstances of this case, the court properly imposed sanctions against the defendants' attorney. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.