■ AETNA CASUALTY AND SURETY COMPANY, Respondent, v CERTAIN UNDERWRITERS AT LLOYD's et al., Appellants. [692 NYS2d 384] —Order, Supreme Court, New York County (Stephen Crane, J., pursuant to CPLR 9002, upon a decision by Lewis Friedman, J.), entered March 4, 1998, which to the extent appealed from, denied in part defendants' motion to compel plaintiff to return certain inadvertently produced documents; and order, same court (Barry Cozier, J.), entered June 15, 1998, which, to the extent appealed from and appealable, denied defendants' motion for renewal of their motion to compel, unanimously affirmed, without costs.

The IAS Court's partial denial of defendants' motion to

compel the return of certain inadvertently produced documents was a proper exercise of its discretion (*see, Eisic Trading Corp. v Somerset Mar. Corp.*, 212 AD2d 451). Defendants did not meet their burden of demonstrating that the minutes of the Environmental Claims Reinsurance Group are entitled to the protection of the attorney-client privilege (CPLR 3101 [b]; 4503 [a]) since the communications contained in the minutes pertain in the main to commercial concerns and are not primarily or predominantly communications of a legal character (*see, Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378-379; *Rossi v Blue Cross & Blue Shield*, 73 NY2d 588, 594). Nor have defendants shown that the subject communications were made with the intent or expectation that they would remain confidential (*see, Eisic Trading Corp. v Somerset Mar.*, 212 AD2d, *supra*, at 451). Also properly found by the IAS Court to be without the attorney-client privilege was defendants' inadvertently disclosed list of potential interviewees (*see, Bloss v Ford Motor Co.*, 126 AD2d 804). We agree as well with the IAS Court's further determination that neither the aforementioned minutes nor the interviewee list were entitled to protection as attorney work product (CPLR 3101 [c]) since they were not "uniquely the product[s] of a lawyer's learning and professional skills" (*Hoffman v Ro-San Manor*, 73 AD2d 207, 211). Finally the subject materials were properly found not to be shielded from disclosure under CPLR 3101 (d) (2) since they were not prepared in anticipation of litigation.

Renewal of the defendants' motion to compel was properly denied (*see, Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27, *lv denied in part and dismissed in part* 80 NY2d 1005). Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.