■ STEFAN BERGER, Respondent, v VICTOR FORNARI, Appellant. [783 NYS2d 830]—

In an action, inter alia, to recover damages for breach of confidentiality, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Lifson, J.), dated October 30, 2003, as denied that branch of his motion which was to compel the plaintiff to appear for a further deposition.

Ordered that the notice of appeal is deemed to be an application for leave to appeal and leave to appeal is granted (see Mann v Alvarez, 242 AD2d 318, 320 [1997]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to compel the plaintiff to appear for a further deposition concerning the information allegedly divulged by the defendant to third parties, and substituting therefor a provision granting

that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

In commencing this action, the plaintiff effectively waived the doctor-patient privilege with respect to the information allegedly divulged by the defendant to third parties in violation of his fiduciary duty of confidentiality (*cf. Koump v Smith,* 25 NY2d 287, 294 [1969]). "[W]hen a privilege is designed to protect an individual by keeping certain information or conduct secret, that protection may be deemed waived where the individual affirmatively places the information or conduct in issue" (*Green v Montgomery,* 95 NY2d 693, 700 [2001]). Accordingly, that branch of the defendant's motion which was to compel the plaintiff to appear for a further deposition with respect to the information he allegedly divulged to third parties should have been granted. Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.