■ HUDSON VALLEY MARINE, INC., Appellant, v TOWN OF CORTLANDT et al., Respondents. [816 NYS2d 183]—

In an action to recover damages for malicious prosecution, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 17, 2004, which granted the defendants' motion to compel further deposition testimony of a nonparty, and (2), as limited by its brief, from so much of an order of the same court entered March 15, 2005, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered October 17, 2004 is dismissed, as it is not appealable as of right (*see Stoller v Moo Young Jun,* 118 AD2d 637 [1986]), and, in any event, that order was superseded by the order entered March 15, 2005, made upon reargument; and it is further,

Ordered that the notice of appeal from the order entered March 15, 2005 is deemed to be an application for leave to appeal, and leave to appeal is granted (*see Berger v Fornari,* 12 AD3d 389 [2004]); and it is further,

Ordered that the order entered March 15, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The nonparty Steven Winkelmann, the son of the plaintiff's principals, testified at a deposition regarding a conversation with the plaintiff's attorney, George Frooks, and between Frooks and his parents in connection with a stop-work order issued by the defendants. After Frooks objected to further questioning, the defendants moved to compel a further deposition. The Supreme Court properly granted the motion. The plaintiff failed to demonstrate that an attorney-client privilege existed between Winkelmann and the plaintiff's attorney which would preclude him from testifying at a deposition about communications he had with the plaintiff's attorney (*see* CPLR 4503). The plaintiff failed to establish that Winkelmann, when communicating with the plaintiff's attorney, was an agent or employee of the plaintiff corporation (*see Niesig v Team I,* 76 NY2d 363 [1990]) or that he shared a common-interest privilege with the plaintiff in reasonable anticipation of litigation (*see Matter of Stenovich v Wachtell, Lipton, Rosen & Katz,* 195 Misc 2d 99, 108 [2003]; *Aetna Cas. & Sur. Co. v Certain Underwriters at Lloyd's, London,* 176 Misc 2d 605, 611-612 [1998], *affd* 263 AD2d 367 [1999]; *see also Wyllie v District Attorney of County of Kings,* 2 AD3d 714 [2003]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.