■ Lisa Parise, Appellant, v Good Samaritan Hospital, Respondent. [829 NYS2d 559]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), dated June 2, 2004, as denied those branches of her motion which were to compel the defendant to produce its emergency room log for October 28, 2002, and records identifying the attending physicians, service attendings, specialists, doctors, and employees who were available for consultation during the time of her admission in the emergency room on October 28, 2002, and granted that branch of her motion which was for a further deposition of William Sierra only to the limited extent of permitting Sierra to testify as to the name of the attending physician who was available for consultation and was on duty at the defendant's emergency room on October 28, 2002 during the time of the plaintiff's admission.

Ordered that the notice of appeal from so much of the order as granted that branch of the plaintiff's motion which was for a further deposition of William Sierra only to the limited extent of permitting Sierra to testify as to the name of the attending physician who was available for consultation and was on duty at the defendant's emergency room on October 28, 2002 during the time of the plaintiff's admission, is deemed to be an application for leave to appeal, and leave to appeal is granted (*see Hudson Val. Mar., Inc. v Town of Cortlandt*, 30 AD3d 377 [2006]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion which was to compel the defendant to produce records identifying the attending physicians, service attendings, specialists, doctors, and employees who were available for consultation during the time of her admission in the emergency room on October 28, 2002 and substituting thereof a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion which was for a further deposition of William Sierra only to the limited extent of permitting Sierra to testify as to the name of the attending physician who was avail-

able for consultation and was on duty at the defendant's emergency room on October 28, 2002 during the time of the plaintiff's admission, and substituting therefor a provision granting that branch of the motion in its entirety; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Generally, "there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (*see* CPLR 3101 [a]). "The phrase 'material and necessary' should be 'interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason' " (*Auerbach v Klein*, 30 AD3d 451, 452 [2006], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the defendant to produce its emergency room log because the record demonstrates that the defendant had already produced its emergency room register and that it did not possess any other logs which were responsive to the plaintiff's demand. The Supreme Court should have granted that branch of the plaintiff's motion which was to compel the defendant to produce records identifying the attending physicians, service attendings, specialists, doctors, and employees who were available for consultation during the time of her admission in the emergency room because that information is material and necessary to the claim in her verified bill of particulars that the defendant failed to obtain proper consultations. Similarly, the Supreme Court should have granted, in its entirety, that branch of the plaintiff's motion which was for a continued deposition of William Sierra concerning the attending physicians, service attendings, specialists, doctors, and employees who were available for consultation during her admission. Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.