■ DELTA FINANCIAL CORPORATION, Plaintiff, v JAMES E. MORRISON et al., Defendants. CHRISTOPHER A. BYRNE, Nonparty Appellant. (Action No. 1.) DELTA FUNDING RESIDUAL EXCHANGE COMPANY, LLC, et al., Plaintiffs, v DELTA FINANCIAL CORPORATION et al., Defendants. CHRISTOPHER A. BYRNE, Nonparty Appellant. (Action No. 2.) [894 NYS2d 437]—

During discovery, Christopher A. Byrne, who was an attorney for the defendants in action No. 1 and for the plaintiffs in action No. 2, asserted that 55 e-mails were protected from disclosure by the attorney-client privilege, a litigation committee privilege, and/or a common interest privilege. After an exhaustive in camera review of those 55 e-mails, the Supreme Court determined that Byrne failed to satisfy his burden of establishing that the documents contained confidential communications between an attorney and a client during the course of professional employment for the purpose of obtaining legal advice or services and that they were primarily or predominantly of a legal, rather than a business, nature (*see Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371 [1991]; *Rossi v Blue Cross & Blue Shield of Greater N.Y.*, 73 NY2d 588 [1989]; *Matter of Priest v Hennessy*, 51 NY2d 62 [1980]).

The Supreme Court providently exercised its discretion in imposing a sanction upon Byrne, because his claim that the 55 e-mails were privileged was completely without merit in law and could not be supported by any reasonable argument for the extension, modification, or reversal of existing law (*see* 22 NYCRR 130-1.1 [c] [1]; *Lightron Corp. v J.S.M. Holdings*, 188 AD2d 641 [1992]). Dillon, J.P., Florio, Hall and Sgroi, JJ., concur. **[Prior Case History: 21 Misc 3d 1118(A), 2008 NY Slip Op 52095(U).]**