■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, as Subrogee of Hewlett Park Apartment Owners, Inc., Respondent, v ALEXANDER HOLDINGS, LLC, Doing Business as BATH FITTERS, Defendant/Third-Party Plaintiff/Second Third-Party Plaintiff-

Appellant. ESTHER BOGEN-BECKER, Third-Party Defendant-Respondent; HEWLETT PARK APARTMENT OWNERS, INC., Second Third-Party Defendant-Respondent. (Action No. 1.) ALLSTATE INDEMNITY COMPANY et al., Plaintiffs, v ALEXANDER HOLDINGS, LLC, Doing Business as BATH FITTERS, Defendant/Third-Party Plaintiff. HEWLETT PARK APARTMENT OWNERS, INC., Third-Party Defendant. (Action No. 2.) ROSALIND BRACKMAN, Plaintiff, v HEWLETT PARK APARTMENT OWNERS et al., Defendants. (Action No. 3.) [915 NYS2d 151]—

In a subrogation action to recover amounts paid by the plaintiff to its insured for injury to property (action No. 1), which was joined for trial with related actions (actions Nos. 2 and 3), the defendant/third-party plaintiff/second third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered May 26, 2010, which denied its motion, made jointly with Mark Stephens, a defendant in action No. 3, in effect, to vacate a provision of an order dated February 3, 2010, directing Richard Langone to be produced for a deposition.

Ordered that the order is reversed, on the law, with one bill of costs payable by the plaintiff in action No. 1, the third-party defendant in action No. 1, and the second third-party defendant in action No. 1, and the motion, in effect, to vacate the provision of the order dated February 3, 2010, directing Richard Langone to be produced for a deposition, is granted.

This litigation arises out of a fire that occurred at 1375-1395 Broadway in Hewlett. Hewlett Park Apartment Owners, Inc. (hereinafter Hewlett), owned the subject building, and Greater New York Mutual Insurance Company insured Hewlett, inter alia, for property damage with respect to the subject building. Greater New York Mutual Insurance Company, as subrogee of Hewlett Park Apartment Owners, Inc. (hereinafter the plaintiff), alleged that the damage to Hewlett's property was caused solely as a result of the negligence of the defendant/third-party plaintiff/second third-party plaintiff, Alexander Holdings, LLC, doing business as Bath Fitters (hereinafter Alexander Holdings), in performing renovation work. Richard Langone, the corporate attorney for Alexander Holdings, prepared a statement on behalf of Mark Stephens, a defendant in action No. 3, an employee of Alexander Holdings who performed installation work at the subject building on the date of the fire. The statement was provided to the Nassau County Fire Marshall. The plaintiff, Hewlett, and Esther Bogen-Becker, the third-party defendant in action No. 1, requested the deposition of Langone,

arguing, inter alia, that Langone's testimony was clearly warranted because he drafted Stephens's statement. Alexander Holdings and Stephens objected on the ground that the attorney-client privilege precluded the deposition.

Under the circumstances of this case, the Supreme Court should have granted the motion of Alexander Holdings and Stephens, in effect, to vacate a provision of an order dated February 3, 2010, directing Langone to be produced for a deposition. The discovery sought was precluded by the attorney-client privilege (*see Carone v Venator Group*, 289 AD2d 185 [2001]), as an attorney-client relationship existed between Stephens and Langone (*see Upjohn Co. v United States*, 449 US 383 [1981]; *Niesig v Team I*, 76 NY2d 363, 371 [1990]; *cf. Hudson Val. Mar., Inc. v Town of Cortlandt*, 30 AD3d 377 [2006]), and the information sought to be protected from disclosure constituted confidential communications made between Stephens and Langone for the purpose of obtaining legal services (*see Clark v Schuylerville Cent. School Dist.*, 57 AD3d 1145, 1146 [2008]). Covello, J.P., Eng, Chambers and Hall, JJ., concur.