**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4658
_____

UNITED STATES OF AMERICA

v.

IAN P. NORRIS,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:03-cr-00632)
District Judge:  Hon. Eduardo C. Robreno

Submitted Under Third Circuit LAR 34.1(a)
March 15, 2011

Before:  RENDELL, BARRY, and CHAGARES, Circuit Judges.

(Filed: March 23, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Appellant Ian P. Norris ("Norris") was convicted following a jury trial and now

appeals the sufficiency of the evidence supporting his conviction, the propriety of certain

jury instructions, and the District Court's denial of his asserted attorney-client privilege. We will affirm.

I.

We write for the parties' benefit and recite only the facts essential to our disposition. Because this appeal comes to us following a jury's guilty verdict, we set forth the facts in the light most favorable to the Government.

Norris is the former Chief Executive Officer of the Morgan Crucible Company ("Morgan"), a publicly-held corporation based in the United Kingdom. On September 28, 2004, a grand jury sitting in the Eastern District of Pennsylvania returned a four-count indictment against Norris. The indictment charged Norris with conspiring to fix prices with competitors and engaging in a scheme to mislead and obstruct a United States grand jury investigation. More specifically, the indictment alleged that Norris met with various competitors in a price-fixing scheme that eventually expanded into the United States market. The indictment further alleged that after a federal grand jury initiated an investigation into this behavior by issuing a subpoena duces tecum in April 1999, Norris created false minutes or "scripts" for his employees to memorize in the event that they were ever questioned about the meetings with competitors. Norris also allegedly directed his subordinates to destroy incriminating documents in order to ensure that those documents would not be produced in the grand jury investigation.

Count One of the indictment charged Norris with conspiring to fix prices for certain products sold in the United States, in violation of 15 U.S.C. § 1. Count Two

charged Norris with a violation of 18 U.S.C. § 371 by conspiring to violate 18 U.S.C.

§§ 1512(b)(1) and 1512(b)(2)(B). Counts Three and Four charged Norris with violating

the underlying statutes: Count Three alleged a violation of 18 U.S.C. § 1512(b)(1) for

corruptly persuading or attempting to corruptly persuade other persons with intent to

influence their testimony in an official proceeding and Count Four alleged a violation of

18 U.S.C. § 1512(b)(2)(B) for corruptly persuading other persons with intent to cause or

induce those persons to alter, destroy, mutilate, or conceal records and documents, with

intent to impair their availability for use in an official proceeding. The indictment

specified that the "official proceeding" in question for purposes of 18 U.S.C. §§

1512(b)(1) and 1512(b)(2)(B) was the federal grand jury investigation into Norris's and

Morgan's alleged anticompetitive behavior.

Norris was extradited from the United Kingdom on March 23, 2010 to face trial on

Counts Two, Three, and Four of the indictment.[1] On June 1, 2010, the Government

moved in limine for an order permitting Sutton Keany – former counsel to Morgan – to

testify at trial. After holding an evidentiary hearing on July 6, 2010 and hearing

argument on July 9, 2010, the District Court granted the Government's motion to permit

the testimony on July 12, 2010. On July 19, 2010, the District Court denied Norris's

motion for reconsideration.

---

[1] Pursuant to the United Kingdom Extradition Order, dated September 22, 2008, Norris could not be prosecuted on Count One.

Norris's trial began on July 14, 2010 and lasted seven days.  On July 27, 2010, the jury convicted Norris on Count Two and acquitted Norris on Counts Three and Four.  On November 30, 2010, the District Court denied Norris's motion for acquittal, or, in the alternative, for a new trial.

On December 10, 2010, the District Court sentenced Norris to eighteen months of imprisonment and three years of supervised release.  The District Court also imposed a $25,000 fine and a $100 special assessment.  The final judgment of conviction was entered on December 13, 2010.  This timely appeal followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over Norris's sufficiency challenge.  United States v. Bornman, 559 F.3d 150, 152 (3d Cir. 2009).  "'The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high.'"  United States v. Iglesias, 535 F.3d 150, 155 (3d Cir. 2008) (quoting United States v. Lore, 430 F.3d 190, 203-04 (3d Cir. 2005)).  The Court "'must consider the evidence in the light most favorable to the [G]overnment and affirm the judgment if there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.'"  Id. (quoting Lore, 430 F.3d at 204).  "'This review should be independent of the jury's determination that evidence on another count was insufficient.'"  United States v. Vastola, 989 F.2d 1318, 1331 (3d Cir. 1993) (quoting United States v. Powell, 469 U.S.

4

57, 67 (1984)).  The Government may meet its evidentiary burden "entirely through circumstantial evidence," United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006), and a reviewing court "must credit 'all available inferences in favor of the [G]overnment,'" United States v. Sparrow, 371 F.3d 851, 852 (3d Cir. 2004) (quoting United States v. Gambone, 314 F.3d 163, 170 (3d Cir. 2003)).  "[T]he evidence need not unequivocally point to the defendant's guilt as long as it permits a finding of guilt beyond a reasonable doubt."  United States v. Davis, 183 F.3d 231, 238 (3d Cir. 1999).  This deferential standard thus places a very heavy burden on a convicted defendant to demonstrate that there is insufficient evidence to support his conviction.  United States v. Rawlins, 606 F.3d 73, 80 (3d Cir. 2010).

Generally speaking, we "review the refusal to give a particular instruction or the wording of instructions for abuse of discretion."  United States v. Flores, 454 F.3d 149, 156 (3d Cir. 2006).  If a defendant fails to object to an instruction during trial, however, this Court reviews such unpreserved objections for plain error.  United States v. Lee, 612 F.3d 170, 191 (3d Cir. 2010).  For an error to be "plain," it must not only impact the defendant's substantial rights by affecting the outcome of the district court proceedings, but must also seriously affect the fairness, integrity, or public reputation of judicial proceedings.  United States v. Heckman, 592 F.3d 400, 404 (3d Cir. 2010).

The legal issues underlying the District Court's application of the attorney-client privilege are subject to de novo review.  United States v. Doe, 429 F.3d 450, 452 (3d Cir.

5

2005). We review the District Court's factual determinations in applying that privilege for clear error. In re Impounded, 241 F.3d 308, 312 (3d Cir. 2001).

III.

Norris raises three challenges on appeal. First, Norris contends that there was insufficient evidence to support his conviction. Second, Norris posits that the charge to the jury contained two fundamental errors. Third, Norris argues that the District Court erroneously permitted Sutton Keany to testify during trial. We will discuss each of these objections in turn.

A.

Norris first challenges the sufficiency of the evidence supporting his conviction. As noted above, a jury convicted Norris of a conspiracy that had two objects: corruptly persuading others with intent to influence grand jury testimony and corruptly persuading others to destroy documents with the intent to keep those documents from the grand jury. We hold that there is sufficient evidence to uphold the conviction in regard to the first of these objects, and therefore do not need to consider the second. Cf. Griffin v. United States, 502 U.S. 46, 56-57 (1991).

Norris argues that "there was insufficient evidence for a jury to conclude that [Norris and his co-conspirators] formed (or could have formed) the requisite corrupt intent to influence anyone's grand jury testimony." Norris Br. at 14. We disagree. The federal grand jury issued a subpoena duces tecum in April 1999. According to the evidence adduced at trial, Norris showed this subpoena to various Morgan employees,

met with those employees to discuss the subpoena, and agreed to draft the false scripts. These scripts were to be used by Morgan's employees if "questioned . . . by anybody" about the meetings with competitors. Appendix ("App.") 1229-30. Viewing the evidence presented at trial in the light most favorable to the Government and construing all available inferences in the Government's favor, a rational trier of fact could certainly conclude that Norris corruptly persuaded others with intent to influence their grand jury testimony.

B.

Norris next contends that the District Court improperly instructed the jury in two respects: by refusing to adopt Norris's proffered instruction regarding the meaning of the statutory language "corruptly persuades" and by failing to identify for the jury the overt acts alleged in the indictment.

1.

First, Norris argues that the District Court abused its discretion in refusing to give the following proposed instruction regarding the meaning of "corruptly persuades" as used in 18 U.S.C. § 1512(b):

> [I]t is not "corrupt persuasion" to persuade a co-conspirator to withhold, or fail to volunteer, information, no matter how important that information may be to the grand jury proceeding. In other words, you may not find someone has "corruptly persuade[d]" another person if all he did was to persuade co-conspirators to withhold incriminating information.

App. 335 (second alteration in original). The District Court instead provided the jury with the following instruction:

7

[T]o corruptly persuade, that means to corrupt another person by persuading him or her to violate a legal duty, to accomplish an unlawful end or an unlawful result or to accomplish some other lawful end or lawful result by an unlawful manner. To persuade, that means to cause or induce a person to do something or not to do something.

App. 2136.

Norris posits that the District Court's instruction permitted the jury to convict solely on the ground that Norris attempted to persuade co-conspirators to withhold testimony, which would be contrary to our holding in United States v. Farrell, 126 F.3d 484, 488 (3d Cir. 1997). The District Court's instruction, however, did not refer to an effort to persuade others merely to withhold testimony. Furthermore, nothing in the instruction would have permitted the jury to convict solely on this ground: Norris was charged with conspiring to corruptly persuade others to give false testimony, not withhold testimony, and the evidence adduced at trial established that Norris conspired to corruptly persuade others to give the false testimony set forth in the various scripts created by Norris and his co-conspirators. Accordingly, the District Court did not abuse its discretion in instructing the jury regarding the meaning of "corruptly persuades" as used in 18 U.S.C. § 1512(b).

2.

Second, Norris argues that the District Court erred in failing to identify the "overt acts" alleged in the indictment necessary to find Norris guilty of conspiracy. Norris failed to object regarding this issue at trial, and we therefore review the District Court's purported failure pursuant to a plain error standard.

8

We see no plain error in the District Court's instruction on this point. Norris's argument that "[t]he jury necessarily ignored the 'overt act' element or engaged in impermissible speculation," Norris Br. at 48, is itself nothing more than speculation. The District Court specifically and correctly instructed the jury that the Government was required to prove beyond a reasonable doubt that at least one member of the conspiracy performed an overt act in furtherance of that conspiracy. The possibility that the jury convicted Norris based on overt acts not alleged in the indictment neither impacted the outcome of the proceedings nor seriously affected the fairness, integrity, or public reputation of the proceedings, in light of the fact that we have held that a jury may properly convict based on an overt act not alleged in the indictment. United States v. Adamo, 534 F.2d 31, 38-39 (3d Cir. 1976). The District Court therefore did not plainly err by failing to identify the overt acts alleged in the indictment.

C.

Finally, Norris argues that the District Court erred in permitting Sutton Keany to testify at trial. "[I]t is clear, in this Circuit, that a party who asserts a privilege has the burden of proving its existence and applicability." In re Grand Jury Investigation, 918 F.2d 374, 385 n.15 (3d Cir. 1990). The District Court in this case held an evidentiary hearing and ultimately determined that Norris failed to meet his burden in asserting his privilege pursuant to the five-factor test set forth in In the Matter of Bevill, Bresler & Schulman Asset Management Corp., 805 F.2d 120, 123 (3d Cir. 1986). The District

9

Court did not legally err in applying this test, and we see no clear error in the District Court's holding based on the facts elicited in the evidentiary hearing.

## IV.

For the reasons stated above, we will affirm the judgment of conviction.