■ In the Matter of JOHN W. CONDON, JR., Appellant, v NIAGARA COUNTY DISTRICT ATTORNEY'S OFFICE, Respondent.— Orders unanimously affirmed, without costs. Memorandum: In order to be privileged, a communication from a client to an attorney must be shown to have been made under circumstances evincing an intention that it be confidential (People v Harris, 57 NY2d 335, 343). Here the presence of a third party during the consultation between petitioner, an attorney, and his client negated the requisite confidentiality and rendered the conversation disclosable (see, People v Mitchell, 58 NY2d 368, 375). Nor was the memorandum of that conversation dictated by petitioner shown to be attorney work product. There was no evidence that it contained elements of opinion, analysis, theory, or strategy (see, Kenford Co. v County of Erie, 55 AD2d 466, 470; CPL 240.10 [2]). By failing to show that the memorandum was the product of his learning and skills, and in refusing to submit the memorandum for in camera inspection, petitioner failed to establish that the memorandum was immune from discovery as attorney work product (see, Graf v Aldrich, 94 AD2d 823, 824). (Appeals from orders of Niagara County Court, Hannigan, J.—quash subpoena.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Green, JJ.