■ Marc K. Salzer, Individually and by His Parents and Guardians, Thomas Salzer, et al., Respondents, v Farm Family Life Insurance Company et al., Appellants. [721 NYS2d 409] —Crew III, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered March 27, 2000 in Rensselaer County, which, *inter alia*, granted plaintiffs' motion for a protective order exempting nonparty statements from disclosure.

In November 1997, plaintiff Marc K. Salzer allegedly sustained serious injuries when the motorcycle that he was operating collided with a vehicle operated by defendant Gregory M. Fylak and owned by defendant Farm Family Life Insurance Company. Shortly thereafter, plaintiffs' investigator, Timothy Meek, contacted two witnesses to the accident, Lisa Forquer and Donald Denue, and inquired as to whether they would be willing to provide written statements. Forquer indicated that she was willing to provide a statement but only through her personal attorney, Philip Ackerman.

Forquer and Denue thereafter met with Meek and plaintiffs' counsel, John Basso, at which time Forquer and Denue were presented with written statements. Forquer and Denue declined to sign the prepared statements and contacted Ackerman. Approximately one year after the accident, statements containing Forquer and Denue's account of the accident were signed at Ackerman's office and turned over to Basso. According to Denue, both Meek and Basso were present when the statements were signed.

Thereafter, in May 1999, Forquer and Denue were deposed, at which time counsel for defendants learned of the aforementioned statements and questioned Forquer and Denue regarding the substance and preparation thereof. Defendants subsequently served a notice of discovery and inspection upon plaintiffs seeking production of the statements, and plaintiffs moved for a protective order asserting that such statements were exempt from disclosure. Defendants cross-moved for an order compelling disclosure or, in the alternative, for Supreme Court to review the documents in camera and/or conduct a limited hearing to determine whether the statements indeed were exempt from disclosure. Supreme Court granted plaintiffs' motion and denied defendants' cross motion, prompting this appeal.

CPLR 3101 (a) provides for "full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof." Although certain exceptions to this rule exist including, insofar as is relevant to this appeal, that the materials sought constitute attorney work product (*see*, CPLR 3101 [c]) or were "prepared in anticipation of litigation" (CPLR 3101 [d] [2]), the burden of demonstrating that particular items are exempt or immune from disclosure falls upon the party asserting such immunity (*see*, *Marten v Eden Park Health Servs.*, 250 AD2d 44, 46-47; *Central Buffalo Project Corp. v Rainbow Salads*, 140 AD2d 943, 944; *Graf v Aldrich*, 94 AD2d 823, 824); "the mere assertion that items con-

stitute attorney's work product or material prepared for litigation will not suffice" (*Graf v Aldrich, supra,* at 824).

With respect to the attorney work product exception, the case law makes clear that such exception is "very narrowly construed * * * including only materials prepared by an attorney, acting as an attorney, which contain his analysis and trial strategy" (*id.,* at 824; *see, Central Buffalo Project Corp. v Rainbow Salads, supra,* at 944). Materials or documents that could have been prepared by a layperson do not fall within the attorney work product exception (*see, Bloss v Ford Motor Co.,* 126 AD2d 804, 805; *Lamitie v Emerson Elec. Co.,* 208 AD2d 1081, 1083 [third-party investigation does not constitute attorney work product]).

Applying these principles to the matter before us, it is readily apparent that Supreme Court erroneously concluded that Forquer and Denue's statements reflecting their independent accounts of the underlying accident were immune from disclosure under the attorney work product exception. While it is true that Supreme Court did not review the statements in camera, there is absolutely nothing in the record to support plaintiffs' unsubstantiated claim that such statements fall within the cited exception. Neither Meek nor Basso submitted an affidavit attesting to the preparation or contents of the statements, and counsel's conclusory assertion that such statements constitute attorney work product is insufficient to discharge plaintiffs' burden of establishing that the statements are immune from disclosure.

We reach a contrary conclusion, however, as to the issue of whether the subject witness statements constitute material "prepared in anticipation of litigation" within the meaning of CPLR 3101 (d) (2), which provides, in relevant part, as follows: "materials * * * prepared in anticipation of litigation or for trial by or for another party, or by or for that other party's representative (including an attorney, consultant, surety, indemnitor, insurer or agent), may be obtained only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." While it is true, as defendants point out, that neither Forquer nor Denue signed the written statements provided by Meek and/or Basso, preferring instead to have Ackerman draw up their respective statements, the record nonetheless reflects that such statements were prepared at the behest of plaintiffs' counsel during the course of investigating and pursuing plaintiffs' claim. Accordingly, we

conclude that such statements indeed were prepared in anticipation of litigation and, hence, enjoy qualified immunity under CPLR 3101 (d) (2) (*cf.*, *Lamitie v Emerson Elec. Co.*, 208 AD2d 1081, 1083, *supra* [information acquired by a third party in the course of investigation undertaken at the request of the plaintiffs' counsel is material prepared in anticipation of litigation]; *Sullivan v Smith*, 198 AD2d 749 [written statements given by members of the decedent's dive team to the defendants' carrier constitute materials prepared in anticipation of litigation]; *but see*, *Harmon v Hamilton Beach/Proctor-Silex*, 258 AD2d 922 [documents prepared by third parties and obtained by the plaintiffs' attorney are not materials prepared in anticipation of litigation]).

Finally, we agree with Supreme Court that defendants failed to demonstrate that they cannot obtain the substantial equivalent of the witness statements without undue hardship. Both Forquer and Denue were examined and cross-examined at length regarding their respective accounts of the underlying accident, the circumstances surrounding the preparation of their written statements and the contents thereof. Under such circumstances, we cannot say that defendants failed to obtain through such testimony the substantial equivalent of the material contained in the witness statements. Although resolution of this matter may have been aided by Supreme Court's in camera review of the witness statements, given the record before us, we find no abuse of Supreme Court's discretion in denying defendants' request in this regard. Defendants' remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.