■ Rebecca Geffner, Individually and as Executrix of Alfred Geffner, Deceased, Appellant, v Mercy Medical Center et al., Respondents, et al., Defendants. [4 NYS3d 283]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 15, 2012, which denied her motion, inter alia, to vacate so much of a prior order of the same court dated August 11, 2011, as directed her to provide the defendants with copies of an audio recording of an interview she conducted with the defendant Nicoletta Starks, and conditionally precluded her from introducing the recording for any purpose at trial if she failed to provide the defendants with copies of the recording by the next scheduled conference.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Attorney work product under CPLR 3101 (c), which is subject to an absolute privilege, is generally limited to materials prepared by an attorney, while acting as an attorney, which contain his or her legal analysis, conclusions, theory, or strategy (*see Matter of New York City Asbestos Litig.*, 109 AD3d 7, 12 [2013]; *Salzer v Farm Family Life Ins. Co.*, 280 AD3d 844, 846 [2001]). "[T]he mere fact that a narrative witness statement is transcribed by an attorney is not sufficient to render the statement 'work product' " (*People v Kozlowski*, 11 NY3d 223, 245 [2008]). Contrary to the plaintiff's contention, she did not meet her burden of establishing that the audio recording of an interview she conducted with the defendant Nicoletta Starks prior to the commencement of the instant action constituted attorney work product. Among other things, the plaintiff failed to show that the recording contained elements of opinion, analysis, theory, or strategy (*see People v Kozlowski*, 11 NY3d at 244; *Salzer v Farm Family Life Ins. Co.*, 280 AD2d at 846; *cf. Matter of Condon v Niagara County Dist. Attorney's Off.*, 115 AD2d 270 [1985]; *but cf. Manning v Sikorskyj*, 204 AD2d 976, 977 [1994]).

The plaintiff argues, in the alternative, that the recording constitutes trial preparation material, which is subject to a

conditional privilege under CPLR 3101 (d) (2). However, the conclusory assertions set forth in her supporting affidavit are insufficient to meet her burden of establishing, with specificity, that the recording was prepared "exclusively in anticipation of litigation" (*Bombard v Amica Mut. Ins. Co.*, 11 AD3d 647, 648 [2004]; *see* CPLR 3101 [d] [2]; *Agovino v Taco Bell 5083*, 225 AD2d 569, 571 [1996]; *Chakmakjian v NYRAC, Inc.*, 154 AD2d 644, 645 [1989]).

Accordingly, the Supreme Court properly denied the plaintiff's motion to vacate so much of its prior order dated August 11, 2011, as directed her to provide the defendants with copies of the recording, and conditionally precluded her from introducing the recording for any purpose at trial if she failed to provide those copies by the next scheduled conference.

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Dickerson, Maltese and Barros, JJ., concur.