Bent-Anderson v Singh (2022 NY Slip Op 05676)

Bent-Anderson v Singh

2022 NY Slip Op 05676

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2018-14009 
2019-02336
 (Index No. 58229/16)

[*1]Maxine Bent-Anderson, et al., respondents,
v
Gurmeet Singh, et al., defendants, Linda M. Coronato, temporary administrator of the estate of Bernard Morcheles, appellant.

Miranda Slone Sklarin Verveniotis, LLP, Elmsford, NY (Debora J. Dillon and Richard Sklarin of counsel), for appellant.
Peter DeFilippis, Dobbs Ferry, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Linda M. Coronato, temporary administrator of the estate of Bernard Morcheles, appeals from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 25, 2018, and (2) an order of the same court dated February 26, 2019. The order dated October 25, 2018, insofar as appealed from, denied that branch of the motion of Bernard Morcheles which was to compel the plaintiffs to produce, inter alia, all notes and reports made by a representative of IME Advocates, Inc., with regard to independent medical examinations conducted of the plaintiffs on May 7, 2018, and May 9, 2018. The order dated February 26, 2019, insofar as appealed from, granted those branches of the plaintiffs' motion which were to quash a subpoena duces tecum and a subpoena ad testificandum seeking discovery from and the deposition of a representative of IME Advocates, Inc., and for a protective order with respect to the demand of Bernard Morcheles for certain disclosure relating to a representative of IME Watchdog, Inc.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
In 2006, the plaintiffs commenced the instant action against, among others, Bernard Morcheles to recover damages for personal injuries allegedly sustained by them in a motor vehicle accident. Independent medical examinations (hereinafter IMEs) of the plaintiffs were conducted on May 7, 2018, and May 9, 2018. A representative of IME Advocates, Inc. (hereinafter IME Advocates), attended these IMEs with the plaintiffs. Thereafter, Morcheles moved, inter alia, to compel the plaintiffs to produce, inter alia, all notes and reports made by the representative of IME Advocates with regard to the IMEs conducted of the plaintiffs on May 7, 2018, and May 9, 2018. In an order dated October 25, 2018, the Supreme Court, among other things, denied that branch of the motion.
On December 13, 2018, Morcheles served the plaintiffs with a notice of nonparty deposition, a subpoena dueces tecum, and a subpoena ad testificandum with regard to the same representative of IME Advocates. In addition, he served a demand for certain disclosure relating to [*2]a representative of IME Watchdog, Inc., who attended a May 2018 vocational rehabilitation assessment. In an order dated February 26, 2019, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were to quash the subpoena duces tecum and subpoena ad testificandum, and for a protective order with respect to the demand for certain disclosure relating to the representative of IME Watchdog, Inc. Morcheles appeals from both orders. During the pendency of the appeals, Morcheles died, and Linda M. Coronato, temporary administrator of Morcheles's estate, was substituted as the appellant.
"This case highlights a tension in CPLR 3101's treatment of attorney work product (which is not obtainable) and trial preparation materials (which may be disclosed only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means)" (People v Kozlowski, 11 NY3d 223, 244 [internal quotation marks and citation omitted]). "Attorney work product under CPLR 3101(c), which is subject to an absolute privilege, is generally limited to materials prepared by an attorney, while acting as an attorney, which contain his or her legal analysis, conclusions, theory, or strategy" (Geffner v Mercy Med. Ctr., 125 AD3d 802, 802). "Materials or documents that could have been prepared by a layperson do not fall within the attorney work product exception" (Salzer v Farm Family Life Ins. Co., 280 AD2d 844, 846). Here, the plaintiffs, as the parties asserting the privilege, did not meet their burden of establishing that the subject notes and reports prepared by the non-attorney representatives who observed the IMEs constituted attorney work product (see People v Kozlowski, 11 NY3d at 244; Geffner v Mercy Med. Ctr., 125 AD3d at 802).
However, the subject notes and reports are immune from discovery pursuant to the conditional privilege of materials prepared in anticipation of litigation or for trial (see CPLR 3101[d][2]; Markel v Pure Power Boot Camp, Inc., 171 AD3d 28, 31). CPLR 3101(d)(2) provides, in relevant part, that "materials . . . prepared in anticipation of litigation or for trial by or for another party, or by or for that other party's representative (including an attorney, consultant, surety, indemnitor, insurer or agent), may be obtained only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Here, the appellant has not shown any such "substantial need" and that the substantial equivalent cannot be obtained by other means.
The appellant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court