Smartmatic USA Corp. v Fox Corp. (2024 NY Slip Op 00603)

Smartmatic USA Corp. v Fox Corp.

2024 NY Slip Op 00603

Decided on February 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2024

Before: Singh, J.P., Moulton, Gesmer, Mendez, Rodriguez, JJ. 

Index No. 151136/21 Appeal No. 1602 Case No. 2023-05233 

[*1]Smartmatic USA Corp., et al., Plaintiffs-Respondents,
v
Fox Corporation et al., Defendants, Fox News Network LLC et al., Defendants-Appellants.

Mintz & Gold LLP, New York (Erin E. Murphy of the bar of the District of Columbia and State of Virginia, admitted pro hac vice, of counsel), for appellants.
Benesch Friedlander Coplan & Aronoff LLP, New York (Michael A. Vatis of counsel), for respondents.

Amended order, Supreme Court, New York County (David B. Cohen, J.), entered October 18, 2023, which vacated the report of Judicial Hearing Officer Alan C. Marin, dated August 14, 2023, denying plaintiff's motion for a protective order prohibiting the use and requiring the destruction of a text message chain Bates-stamped SMARTMATIC-FOX04788118-23, and granted plaintiff's motion, unanimously modified, on the law, to compel production of a redacted chain containing only the messages relating to deletion of the previous messages, as to which the protective order is denied, and otherwise affirmed, without costs.
The majority of the subject text messages are protected from disclosure as trial preparation material under CPLR 3101(d)(2) because they were prepared primarily in anticipation of litigation. The text messages reflect a discussion between plaintiff's corporate executives about what damages should be asserted in the soon-to-be-filed complaint in response to counsel's request for their input about damages. On this record, defendants have not demonstrated a substantial need for the text messages or that they are unable without undue hardship to obtain the substantial equivalent of the information in the text string by other means (see generally CPLR 3101[d][2]). Defendants may rely on party depositions, including of the executives at issue, and expert opinions to attack plaintiff's damages claims. There is no factual information contained in the text messages that cannot be obtained from another source, and defendants have not shown that the executives are now unable to recall the basis for their damages demands or that the text messages are inconsistent in a material respect with the executives' deposition testimony, which had not yet been taken at the time of the subject motion. The request by one executive for clarification of the damages valuations also does not constitute proof that this action was "commenced or continued without a substantial basis in fact and law," as required to support defendants' anti-SLAPP counterclaim (see Civil Rights Law § 70-a[1][a]).
The messages discussing deletion of the earlier messages, however, are not within the scope of the trial preparation privilege. Neither are they protected by the attorney-client privilege (see generally CPLR 4503[a][1]; Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 623-624 [2016]) or the work-product privilege (see Hoffman v Ro-San Manor, 73 AD2d 207, 211 [1st Dept 1980]; Salzer v Farm Family Life Ins. Co., 280 AD2d 844, 846 [3d Dept 2001]). Therefore, Supreme Court should have compelled plaintiff to produce a redacted chain that showed only the messages
regarding deletion. The protective order should have been denied as to this redacted chain. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2024