Coads v Nassau County (2024 NY Slip Op 05038)

Coads v Nassau County

2024 NY Slip Op 05038

Decided on October 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-07766
 (Index Nos. 611872/23, 602316/24)

[*1]Hazel Coads, et al., respondents, 
v
Nassau County, et al., appellants, et al., defendants. (Action No. 1)
New York Communities for Change, et al., respondents,
v
County of Nassau, et al., appellants, et al., defendants. (Action No. 2)

Troutman Pepper Hamilton Sanders LLP, New York, NY (Bennet J. Moskowitz and Misha Tseytlin of counsel), for appellants.
Mejias Milgrim Alvarado & Lindo, P.C., Glen Cove, NY (David L. Mejias of counsel), for respondents in Action No. 1, and New York Civil Liberties Union Foundation, New York, NY (Perry M. Grossman, Terry T. Ding, Thomas W. Munson, and Rubin E. Danberg Biggs of counsel), for respondents in Action No. 2 (one brief filed).

DECISION & ORDER
In related actions for declaratory and injunctive relief, which were joined for discovery, Nassau County, a defendant in Action No. 1 and sued in Action No. 2 as County of Nassau, Nassau County Legislature, a defendant in Action Nos. 1 and 2, and Bruce Blakeman, Michael C. Pulitzer, and Howard J. Kopel, defendants in Action No. 2, appeal from an order of the Supreme Court, Nassau County (Paul I. Marx, J.), entered August 7, 2024. The order, after an in camera review, directed those defendants to disclose certain documents and communications to the plaintiffs in Action Nos. 1 and 2.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs.
In July 2023, Hazel Coads, among others, commenced an action against Nassau County and the Nassau County Legislature (hereinafter the Legislature), among others, for declaratory and injunctive relief (hereinafter Action No. 1). In February 2024, New York Communities for Change, among others, commenced an action against the County, the Legislature, Bruce Blakeman, Michael C. Pulitzer, and Howard J. Kopel (hereinafter collectively the defendants), among others, for declaratory and injunctive relief (hereinafter Action No. 2). The plaintiffs in Action Nos. 1 and 2 (hereinafter collectively the plaintiffs) alleged, inter alia, that, in February 2023, the Legislature adopted a new legislative district map that illegally favored Republican incumbent elected officials and diluted the voting strength of the County's Black, Latino, and Asian [*2]communities (see Election Law § 17-206[2]; Municipal Home Rule Law § 34[4][b], [e]). The actions were subsequently joined for the purpose of conducting discovery.
During the discovery process, the defendants objected to the plaintiffs' demands for certain documents and communications. In an order entered August 7, 2024, the Supreme Court, after an in camera review of the disputed documents and communications, directed the defendants to disclose those documents and communications to the plaintiffs (hereinafter the August 2024 order). The defendants appeal. We affirm.
The August 2024 order did not decide a motion made on notice and, thus, is not appealable as of right (see CPLR 5701[a]). However, under the circumstances of this case, we deem the notice of appeal to be an application for leave to appeal and grant leave to appeal (see Gunn v Sound Shore Med. Ctr. of Westchester, 5 AD3d 435, 436).
"The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d 956, 958 [internal quotation marks omitted]). Pursuant to CPLR 3101(a), "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (see Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 376). However, under the CPLR, there are three categories of materials that are protected from disclosure: "[1] privileged matter, absolutely immune from discovery (CPLR 3101[b]); [2] attorney's work product, also absolutely immune (CPLR 3101[c]); and [3] trial preparation materials, which are subject to disclosure only on a showing of substantial need and undue hardship in obtaining the substantial equivalent of the materials by other means (CPLR 3101[d][2])" (id. at 376-377).
"The party asserting the [attorney-client] privilege bears the burden of establishing its entitlement to protection by showing that the communication at issue was between an attorney and a client 'for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship,' that the communication is predominantly of a legal character, that the communication was confidential and that the privilege was not waived" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 27 NY3d 616, 624, quoting Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 593).
"'Attorney work product under CPLR 3101(c), which is subject to an absolute privilege, is generally limited to materials prepared by an attorney, while acting as an attorney, which contain his or her legal analysis, conclusions, theory, or strategy'" (Bent-Anderson v Singh, 209 AD3d 710, 711, quoting Geffner v Mercy Med. Ctr., 125 AD3d 802, 802). "[N]ot every manifestation of a lawyer's labors enjoys the absolute immunity of work product. The exemption should be limited to those materials which are uniquely the product of a lawyer's learning and professional skills, such as materials which reflect his [or her] legal research, analysis, conclusions, legal theory or strategy" (Cioffi v S.M. Foods, Inc., 142 AD3d 520, 522 [internal quotation marks omitted]). "'Materials or documents that could have been prepared by a layperson do not fall within the attorney work product exception'" (Bent-Anderson v Singh, 209 AD3d at 711, quoting Salzer v Farm Family Life Ins. Co., 280 AD2d 844, 846).
Pursuant to CPLR 3101(d)(2), material that is prepared in anticipation of litigation or trial is subject to a conditional privilege and, thus, is subject to disclosure only by a party's showing that he or she is in substantial need of the material and is unable to obtain the substantial equivalent of the material by other means without undue hardship (see Ligoure v City of New York, 128 AD3d 1027, 1028; New York Schools Ins. Reciprocal v Milburn Sales Co., Inc., 105 AD3d 716, 717). "'The burden of proving that a statement is privileged as material prepared solely in anticipation of litigation or trial is on the party opposing discovery'" (Ligoure v City of New York, 128 AD3d at 1028, quoting Sigelakis v Washington Group, LLC, 46 AD3d 800, 800). "Such burden is met 'by identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation'" [*3](id., quoting Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566).
"A client who voluntarily testifies to a privileged matter, who publicly discloses such matter or who permits his [or her] attorney to testify regarding the matter is deemed to have impliedly waived the attorney-client privilege" (Jakobleff v Cerrato, Sweeney & Cohn, 97 AD2d 834, 835 [citations omitted]). "'Moreover, a waiver may be found where a party engages in selective disclosure, as a party may not rely on the protection of the privilege regarding damaging communications while disclosing other self-serving communications'" (Siegel v Snyder, 202 AD3d 125, 132, quoting Soussis v Lazer, Aptheker, Rosella & Yedid, P.C., 91 AD3d 753, 754).
Legislative privilege protects legislators and their staff from compelled testimony and disclosure of documentary evidence with respect to actions within the scope of legitimate legislative activity (see Campaign for Fiscal Equity v State of New York, 265 AD2d 277, 278).
Here, the defendants failed to establish that the disputed documents and communications contained confidential communications between an attorney and a client during the course of professional employment for the purpose of obtaining legal advice or services and that the disputed documents and communications were primarily or predominantly of a legal nature (see Delta Fin. Corp. v Morrison, 69 AD3d 669, 670). To the extent that the disputed documents and communications were created by attorneys, the defendants failed to demonstrate that the disputed documents and communications were uniquely the product of those attorneys' learning and professional skills or reflective of their legal research, analysis, conclusions, legal theory, or strategy (see Cioffi v S.M. Foods, Inc., 142 AD3d at 523). The defendants also failed to show that the disputed documents and communications were prepared exclusively for the purpose or in anticipation of litigation (see Ligoure v City of New York, 128 AD3d at 1028; New York Schools Ins. Reciprocal v Milburn Sales Co., Inc., 105 AD3d at 719). Moreover, the Supreme Court providently exercised its discretion in determining that legislative privilege did not preclude disclosure of the disputed documents and communications.
Accordingly, the Supreme Court providently exercised its discretion in directing the defendants to disclose the disputed documents and communications to the plaintiffs.
DUFFY, J.P., CHRISTOPHER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court